**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **ABRAHAM M.,** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **EP-24-CV-00327-RFC** |
| | § | |
| **COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,** | § | |
| | § | |
| | § | |
| ***Defendant.*** | § | |

**ORDER**

Before the Court is "Plaintiff's Motion for Authorization of Attorney Fees Pursuant to 42 USC § 406(b)," ECF No. 15 [hereinafter "Mot"], filed by Kira Treyvus of Konoski & Partners, P.C.[1] For the reasons set forth herein, the Motion is **GRANTED AS MODIFIED.**

## I. DISCUSSION

The Court previously reversed and remanded Plaintiff's case for further action by the Commissioner of the Social Security Administration ("SSA") pursuant to 42 U.S.C. § 405(g), Order Reversing & Remanding Further Admin. Proceedings, ECF No. 11, and ordered Plaintiff be awarded $1,182.76 in fees under the Equal Access to Justice Act ("EAJA"), Order, ECF No. 14. Throughout these federal proceedings, Plaintiff was represented by Treyvus.

On remand, Plaintiff received a favorable decision from the Administrative Law Judge assigned to his case. Mot. 2–3. The SSA then issued a final Notice of Award letter which stated

---

[1] Although styled as a motion brought by Plaintiff, counsel "is the real party in interest for purposes of this … analysis." *Jeter v. Astrue*, 622 F.3d 371, 374 (5th Cir. 2010) (citing *Gisbrecht v. Barnhart,* 535 U.S. 789, 798 n.6 (2002).

that the SSA withheld twenty-five percent of Plaintiff's past-due benefits to pay any approved attorney's fees. *See* Mot. Exs. at 3, ECF No. 15-2.

Shortly after receiving the Notice of Award letter, counsel moved for a fee authorization in the amount of $11,601.01, to be reduced by $1,182.76 to refund the fees awarded under the EAJA. *See* Mot. 3. In responding to the Motion, the Commissioner did not dispute whether the fees requested were reasonable and took no position as to the request for a netted award. Def.'s Resp. Pl.'s Pet. Attny's Fees Under 42 U.S.C. § 406(b), ECF No. 16 [hereinafter "Resp."].

**A. The Court authorizes counsel to recover $11,601.01 in attorney's fees under 42 U.S.C. § 406(b).**

A court may grant a request for fees associated with in-court representation under 42 U.S.C. § 406(b) where, as here, a social security claimant received a favorable judgment – that is, "a successful decision on remand." *See Jackson v. Astrue*, 705 F.3d 527, 529–30 (5th Cir. 2013) (quoting *Jeter*, 622 F.3d at 375 n.3). However, such an award must be reasonable and must fall within "25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." § 406(b)(1)(A).

As an initial matter, counsel's filings indicate "[t]he amount in fees Plaintiff's counsel is requesting is less than [twenty-five percent] of the back benefits awarded." *See* Mot. 3. Accordingly, the requested fee amount falls within the statutory cap.

Next, the Court must determine whether counsel has "show[n] that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807 (citation omitted). As the Supreme Court has acknowledged, contingent-fee contracts are "the most common fee arrangement between attorneys and Social Security claimants." *Id.* at 800 (citing SSA, Office Hearings & Appeals, *Report to Congress: Attorney Fees Under Title II of the Social Security Act* 15, 66, 70 (July 1988)) (further citation omitted). And, while Section 406(b)'s reasonableness

requirement "does not displace contingent-fee agreements," it does "call[] for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. The Fifth Circuit has declined to exhaustively list the factors a court must consider when deciding whether a contingency fee is reasonable. *See Jeter*, 622 F.3d at 381. Even still, it has recognized the following considerations with approval: "risk of loss in the representation, experience of the attorney, percentage of the past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee." *Id.* at 382 (quoting *Brannen v. Barnhart*, Civ. A. No. 99–325, 2004 WL 1737443, at *5 (E.D. Tex., July 22, 2004)).

Here, counsel's filings demonstrate: (1) counsel and her firm specialize in social security disability appeals and filed nearly five-hundred federal social security disability appellate briefs in 2024, Mot. 5–6; (2) Plaintiff's fee agreement provided he would "not be charged a fee if [he did] not receive past-due benefits," Mot. Exs. at 8; (3) Plaintiff consented to pay his attorneys such fees upon a favorable judgment, *see id.* at 8–9; and (4) the Commissioner's favorable determination resulted in a substantial award of past-due benefits to Plaintiff, *see id.* at 2–6. Based on these facts, and recognizing the "substantial risk of loss in civil actions for social security benefits," the Court finds that the fees requested are reasonable and appropriate. *See Salinas v. O'Malley,* No. EP-21-CV-00031-DCG-ATB, 2024 WL 3991255, at *5 (W.D. Tex. Aug. 28, 2024) (quoting *Silves H. v. Kijakazi*, No. 3:22-CV-286-K-BK, 2023 WL 9102228, at *2 (N.D. Tex. Dec. 18, 2023), *R. & R. adopted,* 2024 WL 56989 (N.D. Tex. Jan. 4, 2024)); *see also Jeter*, 622 F.3d 382. The Court thus authorizes counsel to recover $11,601.01 in attorney's fees under Section 406(b).

**B. Rather than reduce the authorized fee, counsel shall refund $1,182.76 to Plaintiff upon recovery.**

Counsel asks that the authorization be reduced by $1,182.76, to offset the fees collected under the EAJA. Mot. However, [t]he typical approach to resolving a lesser EAJA and a greater [Section] 406(b) fee awards is to grant counsel the full [Section] 406(b) fee, and order counsel to return the prior EAJA award to the plaintiff." *Teri C. v. Bisignano*, No. 2:24-CV-00223-Z-BU, 2026 WL 1642425, at *3 n.4 (N.D. Tex. May 8, 2026), *R. & R. adopted*, No. 2:24-CV-223-Z-BU, 2026 WL 1641162 (N.D. Tex. June 5, 2026) (citing H.R. Rep. No. 120, 99th Cong. 1st Sess. 1, 19 (1985), *reprinted in* 1985 U.S. Code Cong. & Admin. News 132, 148; *Gisbrecht*, 535 U.S. at 796). Courts considering Plaintiff's proposed alternative approach have ruled it is "discouraged because it delegates counsel's duty to return the EAJA award to the Commissioner." *Id.* at 3 (citing *McGraw v. Barnhart*, 450 F.3d 493, 497 n.2 (10th Cir. 2006)). Thus, rather than reduce the authorized fee, the Court orders that counsel may recover $11,601.01 and, upon any such recovery, shall refund $1,182.76 to Plaintiff.

## II. CONCLUSION

In light of the foregoing, the Motion, ECF No. 15, is **GRANTED AS MODIFIED.**

**IT IS THEREFORE ORDERED** that Plaintiff's counsel is authorized to recover $11,601.01 in attorney's fees under Section 406(b).

**IT IS FURTHER ORDERED** that, upon any such recovery, Plaintiff's counsel shall promptly return to Plaintiff the $1,182.76 attorney fee previously awarded under the EAJA.

Counsel is **ADVISED** that, to the extent the benefits withheld by the SSA are insufficient to satisfy the authorized fee award, any remaining fees must be recovered directly from Plaintiff.[2]

---

[2] "Sections 406(a) and 406(b) of the Social Security Act provide for the discretionary award of attorney's fees out of the past-due benefits recovered by a successful claimant in a Social Security action." *Murkeldove v. Astrue*, 635 F.3d 784, 787 (5th Cir. 2011). Section 406(a) controls fees for representation at the administrative level, while Section 406(b) "governs the award and collection of fees by attorneys for the representation of claimants in court." *Id.* at 787–88. The total fees approved under Sections 406(a) and 406(b) may, in combination, exceed 25 percent of

So **ORDERED** and **SIGNED** this 29th day of July, 2026.

**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**

---

the claimant's past-due benefits. Even still, it is the Commissioner's practice to withhold a single pool totaling "at most, 25 percent of a claimant's past-due benefits," from which he directs the payment of authorized "attorney's fees for both agency representation … and court representation." Resp. 2. Where the withheld benefits are "insufficient to satisfy the amount of fees determined reasonable by the court, the attorney must look to the claimant, not the past due benefits, to recover the difference." *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933 (10th Cir. 2008); *see Simmons v. Comm'r of the Soc. Sec. Admin.,* No. EP-22-CV-00101-KC-ATB, 2026 WL 1543676, at *4 (W.D. Tex. May 14, 2026), *R. & R. adopted*, No. EP-22-CV-101-KC-ATB, 2026 WL 1540046 (W.D. Tex. June 1, 2026); *Booth v. Comm'r of Soc. Sec.,* 645 F. App'x 455, 458 (6th Cir. 2016) (collecting cases).